UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| PEAK PROPERTY GROUP, LLC ) | Case No. 20-16088-KHT |
| ) | Chapter 11 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| PEAK PROPERTY GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding No. |
| v. ) | |
| ) | |
| PREFERRED TRUST COMPANY, LLC ) | |
| BETH HARRISON, and ) | |
| CHARLES HARRISON, III ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| . ) | |

**COMPLAINT**

Peak Property Group LLC ("Plaintiff"), by and through its undersigned counsel, and for its Complaint against Defendants alleges as follows:

**JURISDICTION AND VENUE**

1. This court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (H).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court.

## PARTIES

6. Plaintiff Peak Property Group, LLC ("Peak") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 12, 2020 ("Petition Date") and remains a debtor-in-possession in Bankruptcy Case No. 20-16088-KHT.

7. Defendant Beth Harrison ("Ms. Harrison") is an individual.

8. Defendant Charles Harrison ("Mr. Harrison") is an individual.

9. Defendant Preferred Trust Company, LLC is a Nevada limited liability company.

## GENERAL ALLEGATIONS

10. On or about October 4, 2013, a Deed of Trust was given by Peak for the benefit of Preferred Trust Company, Custodian FBO Mr. Harrison and recorded on January 24, 2019 at Document No. 2019-0026444 of the records of the Clerk and Recorder of Riverside County, California. This Deed of Trust is in the principal amount of $23,320.00. This Deed of Trust encumbers real property owned by Peak.

11. On or about October 4, 2018, a Deed of Trust given by Peak for the benefit of Preferred Trust Company, Custodian FBO Beth Harrison, IRA and recorded on January 24, 2019 at Document No. 2019-0026445 of the records of the Clerk and Recorder of Riverside County, California. This Deed of Trust is in the principal amount of $29,680.00. This Deed of Trust encumbers real property owned by Peak.

12. Defendants and the former manager of Peak, Susan Eliya ("Eliya"), arranged for a private loan between Defendants and Eliya to fund projects wholly unrelated to Peak. Peak never received any benefit or monies in exchange for these Deeds of Trust. The use of Peak property as security for these loans was a breach of Eliya's fiduciary duties owed to Peak and was not authorized by Peak manager, Kip Korthuis.

13. No money was ever paid by Defendants to Peak in connection with the security interests Defendants obtained. Indeed, Eliya fraudulently used the money loaned by Defendants in connection with other entities of which she owned wholly unrelated to Peak.

14. Defendants accepted these Deeds of Trust with full knowledge that Peak would not receive any benefit or monies in exchange for the Deeds of Trust.

15. Peak and its current owner, Kip Korthuis, had absolutely no knowledge of the recording of the fraudulent Deeds of Trust and/or the related loans until after January 24, 2019. Indeed, despite the reasonable diligence of Kip Korthuis, this transaction was not reasonably discoverable until 2019 because of the Eliya and Defendants' intentional concealment. Accordingly, the claims raised herein did not accrue until 2019.

## FIRST CLAIM FOR RELIEF
(Avoidable Transfer under 11 U.S.C. § 548(a)(1)(B) and/or 11 U.S.C. § 544 against Defendants)

16. Peak incorporates by reference the allegations contained in paragraphs 1 through 15 as though set forth fully herein.

17. Under 11 U.S.C. § 548(a)(1)(B), a debtor-in-possession may avoid any transfer of an interest of the debtor in property made on or within two years of the bankruptcy filing date, if the debtor received less than a reasonably equivalent value in exchange for the transfer and (i) was insolvent on the date the transfer was made, (ii) was engaged in business or about to engage in business for which any property remaining with the debtor was an unreasonably small capital, or (iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

18. 11 U.S.C. § 544 provides authority for a debtor-in-possession to avoid fraudulent transfers under applicable State fraudulent transfer law. Under C.R.S. § 38-8-105 a transfer is fraudulent if, among other things, the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or intended to incur, or believed reasonably should have believed that he would incur, debts beyond his ability to pay as they became due. Under C.R.S. § 38-8-108, a court made avoid the transfer as a remedy.

19. Said loans took place on October 4, 2013 and October 4, 2018, said Deeds of Trust (i.e. transfers of the interest in the real property of Peak) were both recorded on January 24, 2019, and said fraudulent transfers were not discovered by Peak and Kip Korthuis until 2019 because of the concealment of Eliya and Defendants.

20. Said transfers were transfers by Peak of a security interest in its property.

21. Peak received no value in exchange for said transfers.

22. Peak was either insolvent prior to making the transfers or was made insolvent by the transfers.

23. As a result of the foregoing, the transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and/or 11 U.S.C. §544 and/or applicable State law.

WHEREFORE, Peak respectfully requests that the court enter judgment in its favor and against Defendants avoiding the transfers pursuant to 11 U.S.C. § 548(a)(1)(B) and/or 11 U.S.C. §544 and/or C.R.S. § 38-8-105 and/or C.R.S. § 38-8-108, an award of its attorney fees and costs, and granting such other relief as the court deems appropriate.

DATED: October 22, 2020                    Respectfully submitted,

                                               By:    /s Nathan G. Osborn
                                               Nathan G. Osborn, #38951
                                               MONTGOMERY, LITTLE & SORAN, P.C.
                                               5445 DTC Parkway, Suite 800
                                               Greenwood Village, Colorado 80111
                                               T:  303-773-8100
                                               E-mail:  nosborn@montgomerylittle.com